UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| KARLA L. COSSEY and WILLIAM COSSEY, | ) ) ) | 4:02CV661 WKU |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR THE AWARD OF ATTORNEYS' |
| ASSOCIATES' HEALTH AND WELFARE PLAN; and ADMINISTRATIVE COMMITTEE, ASSOCIATES' HEALTH AND WELFARE PLAN, | ) ) ) ) ) | FEES AND COSTS |
| Defendants. | ) | |

      The plaintiffs have moved for an award of attorneys' fees and costs under 29 U.S.C. § 1132(g). This section provides that a "district court may, in its discretion, allow a reasonable attorney's fee and costs of action to either party." Leonard v. Southwestern Bell Corp. Disability Income Plan, 408 F.3d 528, 531-32 (8th Cir. 2005) (citing 29 U.S.C. § 1132(g)(1)). In exercising my discretion to award fees, I must consider five factors: "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions." Id. at 532 (citing Lawrence v. Westerhaus, 749 F.2d 494, 496 (8th Cir.1984)). Furthermore, "a court may properly deny a claim for attorneys' fees solely on the ground that the plaintiff obtained no relief under the statute." Id. (citing Lawrence, 749 F.2d at 496).

      The defendants oppose the plaintiffs' motion, arguing that the request for fees and costs is premature. (See generally filing 181.) I agree. It is true that I have found that "the defendants' decision to deny the plaintiffs' claims for benefits was not reasonable." (Mem. and Order on Mots. for Summ J., filing 141, at 39.) However, not all of the plaintiffs claims have been resolved, and the appropriate remedies to be afforded to the plaintiffs have not yet been

determined.  It may well be that as this litigation progresses, events will influence my assessment of the five factors set forth above.  Also, it seems likely that additional fees and costs will accumulate before this litigation is concluded, and it strikes me that it would be inefficient to address the question of fees and costs once now and again at some later time.  Instead, the parties' right to recover fees and costs will be determined at the conclusion of the case, when all of the fees and costs have been documented and each of the five relevant factors can be thoroughly assessed.  Cf. Chambers v. Kaleidoscope Inc. Profit Sharing Plan and Trust, 650 F. Supp. 359, 378 (N.D. Ga. 1986) (concluding that evaluation of attorney fee criteria prior to the conclusion of the litigation would be premature); Air Line Pilots Association, International v. Northwest Airlines, Inc., 627 F.2d 272, 278 (D.C. Cir. 1980) (same).

      **IT IS ORDERED** that the plaintiffs' motion for the award of attorneys' fees and costs, filing 154, is denied; however, the plaintiffs may reapply for attorneys' fees and costs at the conclusion of this case.

      Dated November 21, 2005.

                        BY THE COURT


                        s/ Warren K. Urbom
                        United States Senior District Judge